**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

BARBARA O'NEIL, *et al.*,

Plaintiffs,

Case No. 3:18-cv-00815-DPJ-FKB

v.

DELBERT HOSEMAN, in his official Capacity as Secretary of State of the State of Mississippi, *et al.*,

Defendants.
________________________________/

**THE NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S EMERGENCY MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, the National Republican Senatorial Committee ("NRSC") respectfully moves to intervene in this case to oppose the relief requested by Plaintiffs.

**Background**

This case concerns the runoff election contest for the United States Senate between Senator Cindy Hyde-Smith and Secretary Mike Espy to be held in Mississippi on November 27, 2018. In this litigation, Plaintiffs ask the Court to change the longstanding, statutorily-mandated rule concerning the deadline for receipt of absentee ballots. This is the same rule that has applied in many Mississippi

elections without challenge, including the general election conducted just three weeks ago. This Court should reject Plaintiffs' eleventh-hour invitation to assume the role of the Mississippi Legislature to make new election laws.

The Mississippi Legislature has established a clear deadline for receipt of absentee ballots by the registrar in order for them to be counted in an election–5 p.m. on the day befiore an election. Miss. Code Ann. § 23-15-715(a). This clear rule applies equally to all voters, and voters no doubt act (or do not act) in reliance on the clear deadline. Plaintiffs now ask this Court, after the statutorily-mandated deadline has already passed, to extend the deadline to allow any ballot postmarked by Election Day to be counted. To make that change would result in chaos and unfairness. The counting process would have to be altered and extended to await any ballots that might trickle in. In addition, there is no way for notice of this after-the-fact change in the law to be provided in a meaningful way to ensure that all Mississippians have the opportunity to avail themselves of it. In short, the relief that Plaintiffs seek is not only unlawful, but raises its own constitutional concerns.

The NRSC is the national organization that supports and assists Republican candidates for the U.S. Senate. It has provided and continues to provide support and assistance to Senatory Hyde-Smith in her campaign for the U.S. Senate. It seeks to intervene here and to participate at any hearing in this matter to oppose Plaintiffs'

unlawful and extraordinary attempt through this last-minute litigation to rewrite Mississippi's election laws.

**Grounds for Intervention**

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as a matter of right and permissive intervention. *See, e.g.*, *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (*en banc*). The NRSC is entitled to intervention as a matter of right. Alternatively, this Court should allow permissive intervention.

To intervene as a matter of right, the moving party must demonstrate that: (1) its motion to intervene is timely; (2) it has an interest relating to the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Id.* (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (*en banc*)). If a moving party satisfies these four requirements, the district court must allow intervention. *Edwards*, 78 F.3d at 999. The NRSC satisfies each requirement.

*First*, this motion is timely. This litigation was filed last Wednesday, and the hearing on the motion for temporary restraining order has not yet been held. Intervention will not delay or prejudice the adjudication of the original parties' rights in any way.

*Second*, the NRSC has an interest relating to the relief Plaintiffs seek. As the national organization that assists and supports Senator Hyde-Smith's campaign for the U.S. Senate, the NRSC has a direct interest in the outcome of litigation brought by Plaintiffs to alter the deadline for receipt of absentee votes at a time when most voters cannot respond to the changed rule.

*Third*, the relief Plaintiffs seek would impair and impede the NRSC's ability to protect these interests. Through their motion, Plaintiffs seek to change the rule that applies to the deadline for receipt of absentee votes in the election between Senatory Hyde-Smith and Secretary Espy. The NRSC's interest is to assure compliance with Mississippi's election laws as written, and to oppose efforts to rewrite the rules after the statutorily-mandated deadline has already passed. The relief that Plaintiffs seek would deny Senator Hyde-Smith the right to an election decided according to the laws of Mississippi—laws duly enacted by the Legislature and established long before the election.

*Fourth*, no other party adequately represents the NRSC's interests in this action. To be sure, the Secretary of State and the other Defendants have an abiding interest in the faithful execution of state election laws. The NRSC, however, has an interest in the outcome of the election that the Secretary of State does not, as the NRSC seeks to support and assist one of the two major-party candidates for the U.S. Senate. The NRSC should therefore be permitted to intervene in litigation.

For these reasons, the NRSC satisfies the criteria for intervention as a matter of right. Alternatively, if this Court denies intervention as a matter of right, it should grant permissive intervention under Rule 24(b)(1). *See Edwards*, 78 F.3d at 999. Courts regularly permit political parties and affiliated organizations to intervene in election disputes implicating their interests. *See, e.g.*, *Trinsey v. Com. of Pa.*, 941 F.2d 224, 226 (3d Cir. 1991) (Democratic and Republican State Committees given leave to intervene in suit against State regarding vacant U.S. Senate seat); *Pierce v. Allegheny Cty. Bd. of Elections*, 324 F. Supp. 2d 684, 709 (W.D. Pa. 2003) (Republican candidate sued county board of elections and Democratic State Committee intervened in support of board). This timely motion demonstrates that the NRSC's defenses share common factual and legal questions with the main action and do not interject unrelated questions. The Court should accordingly permit NRSC to intervene here.

**WHEREFORE**, the NRSC respectfully requests entry of an order granting it leave to intervene, and permitting it to participate, through counsel, in any hearing on Plaintiffs' motion.

Respectfully submitted,

/s/ *Simon T. Bailey*

Stephen L. Thomas
Simon Bailey
Bradley Arant Boult Cummings LLP
One Jackson Place
Suite 400
188 East Capitol Street
Jackson, Mississippi 39201
Telephone: 601-948-8000
sthomas@bradley.com
sbailey@bradley.com

*Attorneys for the National Republican Senatorial Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 27th day of November, 2018, this document has been filed with the ECF service, which will deliver a copy of it electronically to all counsel of record who have registered with that service.

I have also caused a copy to be mailed by U.S. Mail on November 27, 2018, to the following:

Carroll Rhodes
Law Offices of Carroll Rhodes
PO Box 588
Hazlehurst, MS 39083

Ezra D. Rosenberg
Arusha Gordon

Pooja Chaudhuri
Jennifer Nwachukwu
Lawyers Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Neil A. Steiner
Dechert LLP
1095 6th Avenue
New York, NY 10036

Julia Chapman
Jillian Taylor
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104

/s *Simon T. Bailey*