IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARBARA O'NEIL, ET AL.                                              PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:18cv815-DPJ-FKB

DELBERT HOSEMANN, in his official
capacity as Secretary of State of the
State of Mississippi, ET AL.                                        DEFENDANTS
_____

## ANSWER AND DEFENSES
_____

Defendants Delbert Hosemann, in his official capacity as Secretary of State of the State of Mississippi, Kimberly P. Turner, in her official capacity as Assistant Secretary of State of the Elections Division, Phil Bryant, in his official capacity as Governor of the State of Mississippi, Jim Hood, in his official capacity as Attorney General of the State of Mississippi, and the Mississippi State Board of Election Commissioners and its individual members Secretary Delbert Hosemann, Governor Phil Bryant, and Attorney General Jim Hood (collectively "defendants") file this answer and defenses to plaintiffs' "First Amended Complaint" [Dkt. 26] ("complaint"):

## ANSWER

Defendants respond to the allegations in the complaint, paragraph-by-paragraph, as follows:

## INTRODUCTION

1. The allegations in paragraph 1 do not require a response from defendants. If defendants are mistaken in that regard, the allegations in paragraph 1 are denied.

2. Denied.

3. Denied as stated. Defendants admit only that the Mississippi laws

regulating absentee voting speak for themselves. Any remaining allegations in paragraph 3 are denied.

4. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 4 are denied.

5. Denied as stated. Defendants admit only that the statute establishing the deadline for receipt of absentee ballots referenced in paragraph 5 speaks for itself. Any remaining allegations in paragraph 5 are denied.

6. Denied.

7. Denied as stated. Defendants admit only that the Mississippi laws regulating run-off elections and absentee voting speak for themselves. Any remaining allegations in paragraph 7 are denied.

8. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 8, therefore, the allegations in paragraph 8 are denied.

9. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 9, therefore, the allegations in paragraph 9 are denied.

10. Denied.

**JURISDICTION AND VENUE**

11. Denied as stated. Defendants admit only that the constitutional and statutory provisions referenced in paragraph 11 speak for themselves. Any remaining allegations in paragraph 18 are denied.

12. Denied as stated. Defendants admit only that the statutory provisions referenced in paragraph 12 speak for themselves. Any remaining allegations in paragraph 12 are denied.

13. Denied as stated. Defendants admit only that the statutory provisions referenced in paragraph 13 speak for themselves. Any remaining allegations in paragraph 13 are denied.

14. Denied as stated. Defendants admit only that they have appeared through counsel in this action and their principal offices are located in Jackson, Mississippi. Any remaining allegations in paragraph 14 are denied.

15. Denied as stated. Defendants admit only that the statutory provisions referenced in paragraph 15 speak for themselves. Any remaining allegations in paragraph 15 are denied.

## **PLAINTIFFS**

16. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 16, therefore, the allegations in paragraph 16 are denied.

17. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 17, therefore, the allegations in paragraph 17 are denied.

18. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 18, therefore, the allegations in paragraph 18 are denied.

19. Defendants lack knowledge or sufficient information to form a belief about

the truth of the allegations in paragraph 19, therefore, the allegations in paragraph 19 are denied.

20. Denied as stated. Defendants admit only that the Mississippi State Conference of the NAACP is a non-profit organization headquartered in Jackson, Mississippi. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in paragraph 20, therefore, the remaining allegations in paragraph 20 are denied.

## DEFENDANTS

21. Denied as stated. Defendants admit only that Delbert Hosemann is the duly elected Mississippi Secretary of State, his duties and authority are defined by state law, which speaks for itself, and the statutes and documents referenced in paragraph 27 speak for themselves. Any remaining allegations in paragraph 21 are denied.

22. Denied as stated. Defendants admit only that Kimberly P. Turner is the Assistant Secretary of State for the Elections Division, her duties and authority are defined by state law, which speaks for itself, and the statute referenced in paragraph 22 speaks for itself. Any remaining allegations in paragraph 22 are denied.

23. Denied as stated. Defendants admit only that Phil Bryant is the duly elected Governor of Mississippi, his duties and authority are defined by state law, which speaks for itself, and the statutes referenced in paragraph 23 speak for themselves. Any remaining allegations in paragraph 23 are denied.

24. Denied as stated. Defendants admit only that Jim Hood is the duly elected Attorney General of Mississippi, his duties and authority are defined by state law, which speaks for itself, and the statute referenced in paragraph 24 speaks for itself. Any

remaining allegations in paragraph 24 are denied.

25. Denied as stated. Defendants admit that the Mississippi State Board of Election Commissioners is an arm of the state, its duties and authority are defined by state law, which speaks for itself, the Mississippi State Board of Election Commissioners's members include the Governor, the Secretary of State, and the Attorney General, and the statute referenced in paragraph 25 speaks for itself. Any remaining allegations in paragraph 25 are denied.

## **FACTUAL ALLEGATIONS**

Any allegations in the unnumbered heading preceding paragraph 26 are denied.

26. Denied as stated. Defendants admit only that the statute referenced in paragraph 26 speaks for itself. Any remaining allegations in paragraph 26 are denied.

27. Denied as stated. Defendants admit only that the ten-day certification deadline established by state law for the November 6, 2018 general election was November 16, 2018. Any remaining allegations in paragraph 27 are denied.

28. Denied as stated. Defendants admit only that, pursuant to state law, general elections for certain offices are ordinarily held on the first Tuesday following the first Monday in November in an election year. Any remaining allegations in paragraph 28 are denied.

29. Denied as stated. Defendants admit only that, pursuant to state law, run-off elections required for certain offices are ordinarily held three weeks after a general election and the statute referenced in paragraph 29 speaks for itself. Any remaining allegations in paragraph 29 are denied.

30. Admitted.

31. Admitted.

32. Denied as stated. Defendants admit only that the Mississippi laws regulating elections and absentee voting speak for themselves. Any remaining allegations in paragraph 32 are denied.

33. Denied as stated. Defendants admit only that the Mississippi laws regulating elections and absentee voting speak for themselves. Any remaining allegations in paragraph 33 are denied.

34. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 34, therefore, the allegations in paragraph 34 are denied.

35. Denied as stated. Defendants admit only that the schedule established by law for certain elections to be held in 2019 speaks for itself. Any remaining allegations in paragraph 35 are denied.

Any allegations in the unnumbered heading preceding paragraph 36 are denied.

36. Denied as stated. Defendants admit only that the statutes referenced in paragraph 36 speak for themselves. Any remaining allegations in paragraph 36 are denied.

37. Denied as stated. Defendants admit only that the statute referenced in paragraph 37 speaks for itself. Any remaining allegations in paragraph 37 are denied.

38. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 38 are denied.

39. Denied as stated. Defendants admit only that the statute referenced in

paragraph 39 speaks for itself. Any remaining allegations in paragraph 39 are denied.

40. Denied as stated. Defendants admit only that the statute referenced in paragraph 40 speaks for itself. Any remaining allegations in paragraph 40 are denied.

41. Denied as stated. Defendants admit only that the statute referenced in paragraph 41 speaks for itself. Any remaining allegations in paragraph 41 are denied.

42. Denied as stated. Defendants admit only that the statute referenced in paragraph 42 speaks for itself. Any remaining allegations in paragraph 42 are denied.

43. Denied as stated. Defendants admit only that the statutes referenced in paragraph 43 speak for themselves. Any remaining allegations in paragraph 43 are denied.

44. Denied as stated. Defendants admit only that the statute referenced in paragraph 44 speaks for itself. Any remaining allegations in paragraph 44 are denied.

45. Denied as stated. Defendants admit only that the statute referenced in paragraph 45 speaks for itself. Any remaining allegations in paragraph 45 are denied.

46. Denied as stated. Defendants admit only that the statute referenced in paragraph 46 speaks for itself. Any remaining allegations in paragraph 46 are denied.

47. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves, and defendants lack knowledge or sufficient information to form a belief about the truth of the allegations regarding other states' laws referenced in paragraph 47, therefore, such allegations and any other remaining allegations in paragraph 47 are denied.

48. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves, and defendants lack knowledge or

sufficient information to form a belief about the truth of the allegations regarding other states' laws referenced in paragraph 48, therefore, such allegations and any other remaining allegations in paragraph 48 are denied.

Any allegations in the unnumbered heading preceding paragraph 49 are denied.

49. Denied as stated. Defendants admit only that the Mississippi laws and document referenced in paragraph 49 speak for themselves. Any remaining allegations in paragraph 49 are denied.

50. Denied as stated. Defendants admit only that the document referenced in paragraph 50 speaks for itself. Any remaining allegations in paragraph 50 are denied.

51. Denied as stated. Defendants admit only that the document referenced in paragraph 51 speaks for itself. Any remaining allegations in paragraph 51 are denied.

52. Denied as stated. Defendants admit only that the document referenced in paragraph 52 speaks for itself. Any remaining allegations in paragraph 52 are denied.

53. Denied as stated. Defendants admit only that the documents referenced in paragraph 53 speak for themselves. Any remaining allegations in paragraph 53 are denied.

54. Denied as stated. Defendants admit only that the documents referenced in paragraph 54 speak for themselves. Any remaining allegations in paragraph 54 are denied.

55. Denied as stated. Defendants admit only that the document referenced in paragraph 55 speaks for itself. Any remaining allegations in paragraph 55 are denied.

56. Denied as stated. Defendants admit only that the document referenced in paragraph 56 speaks for itself. Any remaining allegations in paragraph 56 are denied.

57. Denied as stated. Defendants admit only that the document referenced in paragraph 57 speaks for itself. Any remaining allegations in paragraph 57 are denied.

58. Denied as stated. Defendants admit only that the documents referenced in paragraph 58 speak for themselves. Any remaining allegations in paragraph 58 are denied.

59. Denied as stated. Defendants admit only that the statute referenced in paragraph 59 speaks for itself. Any remaining allegations in paragraph 59 are denied.

60. Denied as stated. Defendants admit only that the documents referenced in paragraph 60 speak for themselves. Any remaining allegations in paragraph 60 are denied.

61. Denied as stated. Defendants admit only that the documents referenced in paragraph 61 speak for themselves. Any remaining allegations in paragraph 61 are denied.

62. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 62, therefore, the allegations in paragraph 62 are denied.

63. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 63, therefore, the allegations in paragraph 63 are denied.

Any allegations in the unnumbered heading preceding paragraph 64 are denied.

64. Denied as stated. Defendants admit only that Mississippi Code Section 23-15-637 speaks for itself. Any remaining allegations in paragraph 64 are denied.

65. Denied as stated. Defendants admit only that the webpage referenced in

paragraph 65 speaks for itself. Any remaining allegations in paragraph 65 are denied.

66. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 66, therefore, the allegations in paragraph 66 are denied.

67. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 67, therefore, the allegations in paragraph 67 are denied.

68. Denied as stated. Defendants admit only that the judicial opinion referenced in paragraph 68 speaks for itself. Any remaining allegations in paragraph 68 are denied.

69. Denied as stated. Defendants admit only that the judicial opinion referenced in paragraph 69 speaks for itself. Any remaining allegations in paragraph 69 are denied.

70. Denied.

71. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 71, therefore, the allegations in paragraph 71 are denied.

72. Denied.

73. Denied.

74. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 74, therefore, the allegations in paragraph 74 are denied.

Any allegations in the unnumbered heading preceding paragraph 75 are denied.

75. Denied as stated. Defendants admit only that the document referenced in paragraph 75 speaks for itself. Any remaining allegations in paragraph 75 are denied.

76. Denied as stated. Defendants admit only that the document referenced in paragraph 76 speaks for itself. Any remaining allegations in paragraph 76 are denied.

77. Denied as stated. Defendants admit only that the document referenced in paragraph 77 speaks for itself. Any remaining allegations in paragraph 77 are denied.

Any allegations in the unnumbered heading preceding paragraph 78 are denied.

78. Denied.

79. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 79, therefore, the allegations in paragraph 79 are denied.

80. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 80, therefore, the allegations in paragraph 80 are denied.

81. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 81, therefore, the allegations in paragraph 81 are denied.

82. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 82, therefore, the allegations in paragraph 82 are denied.

83. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 83, therefore, the allegations in paragraph 83 are denied.

84. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 84, therefore, the allegations in paragraph 84 are denied.

85. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 85, therefore, the allegations in paragraph 85 are denied.

86. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 86, therefore, the allegations in paragraph 86 are denied.

87. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 87, therefore, the allegations in paragraph 87 are denied.

88. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 88, therefore, the allegations in paragraph 88 are denied.

89. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 89, therefore, the allegations in paragraph 89 are denied.

90. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 90, therefore, the allegations in paragraph 90 are denied.

91. Denied as stated. Defendants admit only that the correspondence referenced in paragraph 91 speaks for itself. Any remaining allegations in paragraph 91

are denied.

92. Denied as stated. Defendants admit only that the correspondence referenced in paragraph 92 speaks for itself. Any remaining allegations in paragraph 92 are denied.

93. Denied as stated. Defendants admit only that the complaint referenced in paragraph 93 speaks for itself. Any remaining allegations in paragraph 93 are denied.

94. Denied as stated. Defendants admit only that the motion referenced in paragraph 94 speaks for itself. Any remaining allegations in paragraph 94 are denied.

95. Denied as stated. Defendants admit only that the order referenced in paragraph 95 speaks for itself. Any remaining allegations in paragraph 95 are denied.

## **COUNT I: FUNDAMENTAL RIGHT TO VOTE**

Any allegations in the unnumbered headings preceding paragraph 96 are denied.

96. Defendants incorporate their responses to the prior paragraphs.

97. Denied as stated. Defendants admit only that the statute referenced in paragraph 97 speaks for itself. Any remaining allegations in paragraph 97 are denied.

98. Denied as stated. Defendants admit only that state law prescribes their official duties and authority. Any remaining allegations in paragraph 98 are denied.

99. Denied as stated. Defendants admit only that the constitutional provisions and judicial opinions referenced in paragraph 99 speak for themselves. Any remaining allegations in paragraph 99 are denied.

100. Denied as stated. Defendants admit only that the constitutional provisions and judicial opinions referenced in paragraph 100 speak for themselves. Any remaining allegations in paragraph 100 are denied.

101. Denied as stated. Defendants admit only that the constitutional provisions referenced in paragraph 101 speak for themselves. Any remaining allegations in paragraph 101 are denied.

102. Denied.

103. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 103 are denied.

104. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 104 are denied.

105. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 105 are denied.

106. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 106 are denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 110 are denied.

111. Defendants lack knowledge or sufficient information to form a belief about

the truth of the allegations in paragraph 111, therefore, the allegations in paragraph 111 are denied.

112. Denied.

113. Denied.

## COUNT II: EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

Any allegations in the unnumbered heading preceding paragraph 114 are denied.

114. Defendants incorporate their responses to the prior paragraphs.

115. Denied as stated. Defendants admit only that the constitutional provision referenced in paragraph 115 speaks for itself. Any remaining allegations in paragraph 115 are denied.

116. Denied.

117. Denied.

## COUNT III: EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

Any allegations in the unnumbered heading preceding paragraph 118 are denied.

118. Defendants incorporate their responses to the prior paragraphs.

119. Denied as stated. Defendants admit only that the Mississippi laws regulating absentee voting speak for themselves. Any remaining allegations in paragraph 119 are denied.

120. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 120, therefore, the allegations in paragraph 120 are denied.

121. Denied.

122. Denied.

## PRAYER FOR RELIEF

Defendants deny the allegations in the unnumbered paragraph beginning with "Plaintiffs respectfully pray that the Court…" on pages 25-27 of the complaint, including all subparagraphs, and specifically aver that plaintiffs are not entitled to any relief whatsoever.

Any and all allegations, legal conclusions, and other averments in the complaint that the defendants have not specifically admitted are specifically denied.

## FIRST DEFENSE

The complaint should be dismissed for lack of subject matter jurisdiction.

## SECOND DEFENSE

The complaint should be dismissed for failure to state a claim.

## THIRD DEFENSE

Defendants affirmatively assert their immunity pursuant to the Eleventh Amendment to the United States Constitution which bars plaintiffs' claims.

## FOURTH DEFENSE

Defendants affirmatively assert all sovereign, common law, and/or statutory immunities to which they may be entitled.

## FIFTH DEFENSE

Defendants affirmatively assert all defenses to which they are entitled, or may become entitled to through discovery in this action, under 42 U.S.C. § 1983 and/or any other applicable provisions of federal or state law.

**SIXTH DEFENSE**

The complaint only asserts claims against defendants in their official capacities. To the extent plaintiffs may contend otherwise, some or all of plaintiffs' claims would be barred by the defendants' immunity under the qualified immunity doctrine as plaintiffs have not been deprived of any constitutional or federal statutory right, much less any alleged right which was clearly established at the time of any defendants' alleged violation of law. Defendants have acted at all times in good faith within their official capacities, and course and scope of their duties authorized by law, and in an objectively reasonable manner in light of then clearly established law, at all times relevant to plaintiffs' allegations.

**SEVENTH DEFENSE**

Some or all of plaintiffs' claims are barred by the doctrines of res judicata, collateral estoppel, laches, estoppel and/or waiver.

**EIGHTH DEFENSE**

Some or all of plaintiffs' claims are barred due to: their lack of standing, whether allegedly associational, organizational, or otherwise; the mootness doctrine; as unripe for judicial review; due to plaintiffs' lack of prudential standing; as insufficient to warrant an award of injunctive or declaratory relief; and/or for lack of a private right of action.

**NINTH DEFENSE**

Plaintiffs' complaint fails to state any justiciable claims for declaratory relief sufficient to invoke 28 U.S.C. § 2201 or § 2202.

## TENTH DEFENSE

Some or all of plaintiffs' claims are barred for failure to properly exhaust their administrative or other remedies.

## ELEVENTH DEFENSE

Some or all of plaintiffs' claims are barred by the *Parratt-Hudson* and/or *Rooker-Feldman* doctrines.

## TWELFTH DEFENSE

Pursuant to Fed. R. Civ. P. 12(b)(7), defendants affirmatively assert that plaintiffs have failed to join proper and/or indispensable parties under Rule 19.

## THIRTEENTH DEFENSE

Defendants affirmatively assert all defenses to which they are, or may become entitled to through further discovery, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, defendants respectfully request that their answer and defenses be received and that, upon completion of the appropriate proceedings in this matter, plaintiffs' complaint be dismissed, and that the Court award defendants costs as well as any attorneys' fees and expenses which may be appropriate under the federal rules, 28 U.S.C. § 1927, 28 U.S.C. § 1988, or any other applicable rule or statute.

THIS the 10th day of January, 2019.

Respectfully submitted,

DELBERT HOSEMANN,
in his official capacity as Secretary of State, KIMBERLY P. TURNER, in her official capacity as Assistant Secretary of State of the Elections Division, PHIL BRYANT, in his official capacity as Governor of the State of Mississippi, JIM HOOD, in his official capacity as Attorney General of the State of Mississippi, the MISSISSIPPI STATE BOARD OF ELECTION COMMISSIONERS, and its individual members, Secretary DELBERT HOSEMANN, Governor PHIL BRYANT, and Attorney General JIM HOOD

BY:    JIM HOOD, ATTORNEY GENERAL

By:    Justin L. Matheny (Bar No. 100754)
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*jmath@ago.state.ms.us*

*Counsel for Defendants Hosemann, Turner, Bryant, Hood, and Mississippi State Board of Election Commissioners*